IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDRICK WAYNE JOHNSON, TDCJ #538010, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1975 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## **MEMORANDUM OPINION AND ORDER**

Fredrick Wayne Johnson, also known as Frederick Wayne Johnson (TDCJ #538010; former SPN #00201268), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a conviction entered against him in 1990. He has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2) and Appellant's Motion for Summary Judgment with Brief in Support ("Johnson's MSJ") (Docket Entry No. 4). After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

### **I. Background**

On February 7, 1990, a jury in the 177th District Court for Harris County, Texas, found Johnson guilty of aggravated sexual

assault of a child and sentenced him to life imprisonment in Cause No. 527808.[1] On direct appeal Johnson argued that the trial court improperly excluded evidence that the 16-year-old victim was promiscuous, among other things, but the intermediate court of appeals rejected all of his arguments and affirmed the conviction. See Johnson v. State, 800 S.W.2d 563 (Tex. App. — Houston [14th Dist.] 1990, pet. ref'd).

Subsequently, Johnson filed a motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure, which the trial court granted.[2] The trial court found that the test results were "not favorable" to Johnson and an intermediate court of appeals affirmed that conclusion. See Johnson v. State, 183 S.W.3d 515 (Tex. App. — Houston [14th Dist.] 2006, pet. ref'd). In doing so, the court of appeals acknowledged that test results for DNA found in a semen stain on the victim's underwear did not match Johnson, but were a match to the victim's boyfriend, with whom she had been sexually active. See id. at 518. The court of appeals noted, however, that witnesses who testified at trial saw Johnson abduct the victim and drag her into an abandoned building. See id. at 517-18. Witnesses immediately summoned the police, who arrived at the scene of a reported rape in progress and, upon

---

[1]Petition, Docket Entry No. 1, pp. 2-3. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Petition, Docket Entry No. 1, p. 3.

encountering the disheveled victim, arrested Johnson. See id. The victim testified that Johnson raped her and threatened to kill her. See id. at 517. A physical examination of the victim revealed evidence of sexual assault and the witnesses who testified at trial, including the victim, identified Johnson as the perpetrator. See id. at 518.

On May 30, 2019, this court received Johnson's federal habeas corpus Petition, which is not dated.[3] Because Johnson's MSJ is dated May 23, 2019, the court will treat his Petition as if it were filed on that date pursuant to the prison mail-box rule.[4] Johnson claims that he is "actually innocent" because post-conviction testing disclosed that DNA found on the victim's underwear was attributed to the victim's boyfriend, not Johnson.[5] Johnson claims further that the State failed to disclose exculpatory evidence known to them at the time of trial in violation of Brady v. Maryland, 373 U.S. 83 (1963).[6] Specifically, Johnson contends that the State suppressed evidence that the victim had sex with her

---

[3]Petition, Docket Entry No. 1, p. 10.

[4]Johnson's MSJ, Docket Entry No. 4, p. 12. Under the mail-box rule established by Houston v. Lack, 108 S. Ct. 2379, 2382-83 (1988), a federal habeas petition is considered filed on the date it is delivered to prison authorities for filing. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998).

[5]Petition, Docket Entry No. 1, p. 6; Johnson's MSJ, Docket Entry No. 4, p. 4.

[6]Petition, Docket Entry No. 1, p. 6.

boyfriend the morning of the alleged aggravated sexual assault by Johnson.[7]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

---

[7]Johnson's MSJ, Docket Entry No. 4, p. 11.

> discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

Because Johnson's claims are based on post-conviction DNA testing, the statute of limitations began to run pursuant to § 2244(d)(1)(D) when Johnson became aware of the test results during the state court proceedings that took place pursuant to Chapter 64 of the Texas Code of Criminal Procedure. As noted above, the intermediate court of appeals affirmed the trial court's decision to deny Johnson's motion for relief under Chapter 64 in 2006. See Johnson v. State, 183 S.W.3d 515 (Tex. App. — Houston [14th Dist.] 2006, pet. ref'd). Using the date most favorable to Johnson, the statute of limitations expired one year from the termination of those state court proceedings, which ended in 2006. Johnson's federal habeas Petition, filed on or about May 23, 2019, is untimely by more than ten years and is therefore barred from federal review unless a statutory or equitable exception applies.

**B. The Availability of Tolling Under 28 U.S.C. § 2244(d)(2)**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not count toward the

limitations period on federal habeas review. Court records reflect that Johnson filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure (Trial Court Case No. 527808-A) in 2010, which was supplemented with an actual-innocence claim in 2011, and a Brady claim in 2014. See Ex parte Johnson, No. WR-16-184-02, 2014 WL 2609524, at *1 (Tex. Crim. App. June 11, 2014) (describing Johnson's initial application and the supplemental claims). That application was denied on March 25, 2015, without a written order on findings made by the trial court after a hearing on Johnson's claims.[8]

Thereafter, Johnson filed a second state habeas application (Trial Court Case No. 527808-B), which the Texas Court of Criminal Appeals dismissed on October 5, 2016, under Article 11.07, § 4(a)-(c) of the Texas Code of Criminal Procedure, as an improper successive application or an abuse of the writ.[9] Neither of Johnson's state habeas applications tolls the federal habeas limitations period under § 2244(d)(2) because both were filed after the limitations period expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

---

[8] See Texas Judicial Branch - Court of Criminal Appeals website, available at: http://search.txcourts.gov (last visited June 26, 2019) (Ex parte Fredrick Wayne Johnson, WR-16,184-02).

[9] See Texas Judicial Branch - Court of Criminal Appeals website, available at: http://search.txcourts.gov (last visited June 26, 2019) (Ex parte Fredrick Wayne Johnson, WR-16,184-03).

## C. There is No Other Basis for Statutory or Equitable Tolling

Johnson does not demonstrate that there is any other statutory basis to toll the limitations period. Instead, Johnson appears to argue that his delay should be excused for equitable reasons because he is actually innocent.[10]

A free-standing allegation of actual innocence is not an "independent constitutional claim" that is actionable on federal habeas corpus review. See Herrera v. Collins, 113 S. Ct. 853, 869 (1993); see also Graves v. Cockrell, 351 F.3d 143, 151 (5th Cir. 2003) (observing that the Fifth Circuit has repeatedly held that claims of actual innocence are "not cognizable" on federal habeas review) (citations omitted)). If proven, however, actual innocence may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To be credible a habeas petitioner must support a claim of actual innocence with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 115 S. Ct. 851, 865 (1995). To prevail on such a claim a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 867. Johnson falls far short of this showing.

---

[10]Johnson's MSJ, Docket Entry No. 4, pp. 8-10.

Johnson does not support his claim with new reliable evidence of an exculpatory nature that demonstrates his actual innocence under the standard articulated in <u>Schlup</u>. Despite the existence of post-conviction testing that disclosed the presence of DNA from the victim's boyfriend, Johnson fails to overcome the overwhelming evidence that was presented against him at trial in the form of eyewitness testimony, which was summarized in detail by the intermediate court of appeals on direct appeal and in response to his motion for relief under Chapter 64. <u>See Johnson,</u> 800 S.W.2d at 565; <u>Johnson,</u> 183 S.W.3d at 517-18. As those decisions reflect, the intermediate court of appeals found that witnesses summoned the police after they saw Johnson abduct the victim and drag her into a nearby building. Johnson was arrested at the scene for sexually assaulting the victim, who identified Johnson as the man who raped her. Johnson presents no evidence to refute these facts, which are presumed correct on federal habeas review,[11] and he does not otherwise show that it is more likely than not that no reasonable juror would have found him guilty of the charges against him.

---

[11] Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The state appellate court's findings about the facts of the offense in the trial record are entitled to the presumption of correctness. <u>See</u> 28 U.S.C. § 2254(e)(1); <u>Sumner v. Mata,</u> 102 S. Ct. 1303, 1304-05 (1982) (per curiam) (stating that "the presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact"); <u>Moody v. Quarterman,</u> 476 F.3d 260, 268 (5th Cir. 2007) (same) (citations omitted).

Because Johnson has not shown that he is actually innocent, he is not entitled to tolling under McQuiggin.

Johnson has not otherwise shown he pursued federal review of his claims with the requisite due diligence or that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Although Johnson represents himself, it is settled that a petitioner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). Because Johnson fails to establish that any exception to the AEDPA statute of limitations applies, the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) filed by Fredrick Wayne Johnson is **DISMISSED with prejudice** as barred by the one-year statute of limitations.

2. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**, and his Motion for Summary Judgment with Brief in Support (Docket Entry No. 4) is **DENIED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 27th day of June, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE